THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>PHILIP E. JOHNSON,<br><br>                Defendant. | CASE NO. CR89-0200-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Philip Johnson's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. No. 125). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.   **BACKGROUND**

On January 5, 1990, following Mr. Johnson's conviction of ten counts of bank robbery in violation of 18 U.S.C. § 2113(a), ten counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and seven counts of carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), the Court sentenced Mr. Johnson to a total of 39 years and nine months of incarceration followed by five years of supervised release. (*See* Dkt. No. 132-2.) Mr. Johnson is currently incarcerated at the Federal Correctional Institution at Terminal Island and is scheduled for release on January 29, 2024. (Dkt. No. 131 at 2.)

On or about July 9, 2019, Mr. Johnson filed a request for compassionate release with the warden of FCI Terminal Island. (*Id.*) On September 3, 2019, Mr. Johnson, proceeding *pro se*, filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Dkt. No. 125.)[1] The Government has responded and recommends that Mr. Johnson's motion be granted. (*See* Dkt. No. 131.) Defense counsel has appeared for Mr. Johnson and concurs with the Government's recommendation that the motion be granted. (*See* Dkt. No. 132.)

## II.  DISCUSSION

On December 21, 2018, the First Step Act of 2018 was signed into law and implemented significant reforms to the criminal justice system. Pub. L. No. 115-391, 132 Stat. 5194 (2018). Following the First Step Act:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion [for compassionate release] on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A); *see* First Step Act § 603, 132 Stat. at 5293; *see also* 28 U.S.C.

---

[1] As Mr. Johnson filed his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) more than 30 days after he submitted his request for compassionate release to the warden of FCI Terminal Island, Mr. Johnson has standing to bring the instant motion. *See* 18 U.S.C. § 3582(c)(1)(A).

§ 994(t) (directing the Sentencing Commission to promulgate policy statements describing "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied . . . ."). The relevant Sentencing Commission policy statement provides that a court may reduce a sentence pursuant to 18 U.S.C. § 3582(c)(1)(A):

> if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; or
>
>   (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 (2019). The policy statement's commentary provides that "extraordinary and compelling reasons exist" if:

> (A) Medical Condition of the Defendant.
>
> [. . .]
>
>   (ii) The defendant is
>
>     (I) suffering from a serious physical or medical condition,
>
>     (II) suffering from a serious functional or cognitive impairment, or
>
>     (III) experiencing deteriorating physical or mental health because of the aging process,
>
>   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the

aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

U.S.S.G. § 1B1.13 cmt. n.1; *see* U.S. Dep't of Justice, Fed. Bureau of Prisons, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (Jan. 17, 2019).

### A. Extraordinary and Compelling Circumstances

Mr. Johnson's motion establishes that extraordinary and compelling reasons exist to reduce his sentence. *See* U.S.S.G. § 1B1.13(1)(A). First, Mr. Johnson suffers from a variety of chronic conditions that significantly impact his day-to-day living, and he has undergone multiple surgeries while incarcerated. (*See* Dkt. Nos. 125 at 2–3, 125-1 at 14–25; *see also* Dkt. Nos. 131 at 5–6, 132 at 4.) The Court FINDS that: the conditions described by Mr. Johnson and evidenced by his medical records constitute serious physical conditions; that Mr. Johnson is suffering from serious functional impairments; that Mr. Johnson is experiencing deteriorating physical health because of the aging process; and that these conditions substantially diminish Mr. Johnson's ability to provide self-care while incarcerated and from which Mr. Johnson is not expected to recover. *See* U.S.S.G. § 1B1.13 cmt. n.1.

Second, Mr. Johnson is over 65 years old, is experiencing the serious deterioration in physical health due to the aging process described above, and has served at least 10 years (and over 75 percent) of his term of imprisonment. (Dkt. Nos. 125 at 10; 131 at 5; 132 at 1, 4.) Therefore, the Court also FINDS that Mr. Johnson's age constitutes an extraordinary and compelling circumstance warranting compassionate release. *See* U.S.S.G. § 1B1.13 cmt. n.1.

### B. Safety of Others

Having found that extraordinary and compelling circumstances exist, the Court turns to whether Mr. Johnson presents a danger to the safety of any other person or to the community. *See* U.S.S.G. § 1B1.13(2). In making this determination, the Court looks to the nature and circumstances of Mr. Johnson's underlying offense, the weight of evidence against him, his history and characteristics, and the nature and seriousness of the danger his release would pose to

any person or the community. 18 U.S.C. § 3142(g).

Mr. Johnson's underlying criminal conduct was serious and supported by substantial evidence, as he was convicted by a jury for violent offenses involving firearms. (*See* Dkt. No. 132-2.) But his criminal conduct occurred more than 30 years ago, and his behavior while incarcerated militates against a finding of future danger to any person or the community. Specifically, while in prison Mr. Johnson has had minimal disciplinary issues while maintaining an exemplary work history. (*See* Dkt. Nos. 125 at 15, 21; 131 at 6.) In addition, Mr. Johnson has consciously avoided drugs while incarcerated, including prescribed medications following surgery. (*See* Dkt. No. 25 at 3.) This is noteworthy because he committed his underlying offenses to finance his former opiate addition. (*See id*. at 20.)

Moreover, Mr. Johnson's advanced age and poor health, as described above, demonstrates that upon release he will present minimal danger to any person or the community. *See supra* Section II.A.  Finally, the Court notes with approval the letters of support Mr. Johnson's family members have submitted. (*See* Dkt. Nos. 132-3, 132-4.) The Court believes that the strong support system Mr. Johnson will have available upon release further minimizes any danger he may present to any person or the community. Therefore, having considered the factors set forth by 18 U.S.C. § 3142(g), the Court FINDS that Mr. Johnson is not a danger to the safety of any other person or to the community.

### C.  18 U.S.C. § 3553(a) Factors

In determining whether to grant Mr. Johnson compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court must also consider any relevant factors set forth under 18 U.S.C. § 3553(a). *See* U.S.S.G. § 1B1.13. These factors include the nature and circumstances of the underlying offense, the need for the sentence imposed, the kinds of sentences available, the applicable sentencing range, pertinent policy statements, avoidance of sentencing disparities, and the need to provide victims with restitution. *See* 18 U.S.C. § 3553(a).

As discussed above, Mr. Johnson's underlying criminal conduct was serious. *See supra*

Section II.B. But Mr. Johnson has now served over 30 years of a 40-year sentence, which was largely a product of mandatory minimums the Court was required to impose. (*See* Dkt. No. 132-2.) Further, as discussed above, extraordinary and compelling reasons, as defined by the applicable U.S. Sentencing Guidelines policy statement, exist and support Mr. Johnson's compassionate release. *See* U.S.S.G. § 1B1.13; *see also supra* Section II.A. Thus, Mr. Johnson has served a substantial sentence, during which he has conducted himself admirably, and he has demonstrated that extraordinary and compelling reasons described in the applicable policy statement warrant compassionate release. Therefore, the Court FINDS that the applicable factors set forth by 18 U.S.C. § 3553(a) weigh in favor of granting Mr. Johnson compassionate release.

### D. Consistency with Policy Statement

Finally, the Court must determine whether Mr. Johnson's compassionate release would be consistent with the relevant policy statement. *See* U.S.S.G. § 1B1.13(3). The policy requires the Court to make certain findings before granting an inmate's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). *See generally* U.S.S.G. § 1B1.13. As set forth above, the Court has made the necessary findings that extraordinary and compelling circumstances exist, that Mr. Johnson's release would not pose a danger to any person or the community, and that the relevant factors set forth by `18 U.S.C. § 3553(a) favor release. *See supra* Sections II.A., II.B., II.C. Therefore, the Court hereby FINDS that Mr. Johnson's compassionate release is consistent with the applicable U.S. Sentencing Guidelines policy statement. *See* U.S.S.G. § 1B1.13(3).

### III. CONCLUSION

For the foregoing reasons, Defendant Philip Johnson's motion for a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is GRANTED. The Court hereby ORDERS that Mr. Johnson's sentence of imprisonment be reduced to time served, and further ORDERS the Bureau of Prisons to release Mr. Johnson for placement with his sister in Ten Sleep, Wyoming, where he will be supervised by the United States Probation Office in the District of Wyoming. (*See* Dkt. No. 131 at 6–7.) Mr. Johnson is ORDERED to contact the United States Probation

1  Office in Seattle within 24 hours of his release and follow its instructions regarding his

2  placement in Wyoming.

3       Upon release, Mr. Johnson will remain subject to the five-year term of supervised release

4  originally imposed by the Court. *See* 18 U.S.C. § 3582(c)(1)(A); (Dkt. No. 132-2 at 4.) The

5  Government has submitted on behalf of the United States Probation Office a Probation Form

6  12B modifying the conditions that Mr. Johnson will be subject to during his term of supervised

7  release. (*See* Dkt. No. 131 at 6–7; *see also* Dkt. No. 131-1.) Mr. Johnson has executed a waiver

8  of hearing to modify the conditions of his supervised release in accordance with the Probation

9  Form 12B submitted by the Government. (*See* Dkt. No. 132 at 2; *see also* Dkt. No. 132-1.) The

10 Court, having reviewed the form submitted by the Government, finds probable cause and shall

11 issue a signed copy of the Probation Form 12B contemporaneously with this order.

12      DATED this 1st day of October 2019.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE